UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
FEB - 3 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

KYLE MABE,

*Plaintiff,*

v.

COMMONWEALTH OF VIRGINIA;
VIRGINIA DEPARTMENT OF CORRECTIONS;
GENE M. JOHNSON, individually and in his official capacity as Director of the Virginia Department of Corrections;
JOHN M. JABE, individually and in his official capacity as Deputy Director of Operations, Virginia Department of Corrections; and
JAMES V. BEALE, individually and in his official capacity as Warden, Indian Creek Correctional Center,

*Defendants.*

Case No.: 2:10cv56

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND COMPENSATORY DAMAGES

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW Plaintiff KYLE MABE, and hereby alleges as follows:

### Jurisdiction

1. Jurisdiction in this Court is founded on the existence of a federal question pursuant to 28 U.S.C. § 1331 and 1343(a)(3), as this is an action for relief under 42 U.S.C. §§ 1983, 2000cc-1, and 28 U.S.C. §§ 2201-2202, for the deprivation of rights to freely exercise religion, to receive information, to equal protection of the laws secured by the First and Fourteenth Amendments to the Constitution of the United States, and for the

deprivation of rights secured by the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc et seq.

2. Plaintiff also invokes the supplemental jurisdiction of this Court over his state law claims against Defendants for violations of the Virginia Constitution pursuant to 28 U.S.C. § 1367, as such claims form part of the same case or controversy.

### Venue

3. Venue in the Eastern District of Virginia is proper pursuant to 28 U.S.C. § 1391 because (a) all of the Defendants reside in this judicial district and in the State of Virginia, and (b) all or a substantial part of the events or omissions which give rise to the present claims occurred in this judicial district, and more specifically within the City of Chesapeake, Virginia.

### Parties

4. Plaintiff KYLE MABE is an adult individual who is currently in the custody of the Virginia Department of Corrections, incarcerated in the Indian Creek Correctional Center within the City of Chesapeake, Virginia. At all relevant times herein, Plaintiff was a citizen of the United States of America and the Commonwealth of Virginia, and was and is a person "confined to an institution" for purposes of 42 U.S.C. § 2000c-1(a).

5. Defendant Commonwealth of Virginia is a state which operates a system of penal and correctional institutions through the Virginia Department of Corrections, including Indian Creek Correctional Center and St. Brides Correctional Center in Chesapeake, Virginia. In all respects set forth in this Complaint, this Defendant has acted under color of state law.

6. Defendant Virginia Department of Corrections is a department of the Commonwealth of Virginia created and existing pursuant to the law of the Commonwealth of Virginia, Va. Code § 53.1-8, to operate, manage, and supervise prisons and correctional facilities, including Indian Creek Correctional Center and St. Brides Correctional Center in Chesapeake, Virginia. In all respects set forth in this Complaint, this Defendant has acted under color of state law.

7. Defendant Gene M. Johnson is the Director of the Virginia Department of Corrections and is granted the authority by the law of the Commonwealth of Virginia, Va. Code § 53.1-10, to direct the management, supervision, and operation of prisons and correctional facilities, including Indian Creek Correctional Center and St. Brides Correctional Center in Chesapeake, Virginia. In all respects set forth in this Complaint, this Defendant has acted under color of state law and is made a defendant herein in both his official and individual capacities.

8. Defendant John M. Jabe is the Deputy Director for Operations of the Virginia Department of Corrections and is granted authority by the law of the Commonwealth of Virginia, Va. Code § 53.1-12, and by orders of the Director of the Virginia Department of Corrections to issue rules, regulations, and directives concerning the operation of prisons and correctional facilities, including Indian Creek Correctional Center and St. Brides Correctional Center in Chesapeake, Virginia. In all respects set forth in this Complaint, this Defendant has acted under color of state law and is made a defendant herein in both his official and individual capacities.

9. Defendant James V. Beale, is the warden of Indian Creek Correctional Center in Chesapeake, Virginia. In all respects set forth in this Complaint, this Defendant

has acted under color of state law and is made a defendant herein in both his official and individual capacities.

## General Allegations

10. On September 2, 2009, the Plaintiff, whose religion is Christianity, while an inmate at St. Brides Correctional Center submitted a Personal Property Request Form placing an order by mail with Still Waters Ministries of Clarkson, Kentucky, for a Christian sermon on a compact disc (CD) titled "Life Without a Cross".

11. Still Waters Ministries provides free Christian materials to persons who request such materials. Most of the sermons made available by Still Waters Ministries are available only on CD, not in print, including "Life Without a Cross".

12. The order was disapproved by the Property Department at St. Brides Correctional Center, which informed the Plaintiff that "[y]ou can only receive music CDs no Sermons on CDs." A true and correct copy of the Plaintiff's request and the written denial are attached to this Complaint as Exhibit A.

13. On September 7, 2009, the Plaintiff, using a form provided by the Defendant Department of Corrections, filed an informal complaint with the administration at St. Brides Correctional Center, explaining that his request for a sermon on a CD had been denied and that this denial has restricted his ability to practice his faith.

14. The Plaintiff received a written response to his complaint dated September 10, 2009, in which a "J. Bennett" explained that Defendant Jabe issued a memo dated August 11, 2009, providing that "all inmates are only allowed to order music CDs. No books, sermons etc. are allowed only music CDs" may be purchased. A true and correct copy of the Plaintiff's informal complaint and the response to it are attached to this Complaint as Exhibit B.

15. On September 14, 2009, the Plaintiff submitted a Regular Grievance to the Warden of St. Brides Correctional Center, explaining that he had placed an order for a sermon on CD, that the request had been denied, that the denial limited his ability to practice his faith, and that this limitation was not justified. The Plaintiff requested his order and future orders for similar CDs be approved so that he may be allowed to practice his faith. A true and correct copy of the Plaintiff's grievance is attached to this Complaint as Exhibit C.

16. The Plaintiff's Regular Grievance was deemed unfounded and denied in a response dated October 14, 2009. The response explained that "[y]our grievance is governed by a memorandum from Department of Corrections Deputy Director John M. Jabe dated August 10, 2009, that prohibits the purchase of non-music CD's/DVD's by offenders."

17. On October 15, 2009, the Plaintiff appealed this response. A true and correct copy of the response and the Plaintiff's written request to appeal the response is attached to this Complaint as Exhibit D.

18. Thereafter, the Plaintiff received a response to his appeal, signed by a David Robinson, Regional Director, and dated October 28, 2009, which found the Plaintiff's appeal to be unfounded. The response indicated that no evidence to overturn the Level I ruling was found and "[t]his grievance is governed by a Memorandum/Directive from Deputy Director Jabe." The response also indicates that "Level II is the last level of appeal for this grievance. You have exhausted all administrative remedies." A true and correct copy of this response to the Plaintiff's appeal is attached to this Complaint as Exhibit E.

19. On November 24, 2009, the Plaintiff was transferred to the Indian Creek Correctional Center in Chesapeake, Virginia, and is currently in the custody of the Virginia Department of Corrections at that facility. The Plaintiff alleges, on information and belief, that Defendant Beale and other employees and officials of Indian Creek Correctional Center would, pursuant to the rule and directive of Defendant Jabe, forbid the Plaintiff from receiving non-music CDs.

**First Claim**
Religious Land Use and Institutionalized Persons Act
42 U.S.C. § 2000cc-1

20. The Plaintiff realleges and incorporates by reference the allegations in ¶¶ 1 through 19 set forth above.

21. The Plaintiff is a person confined to an institution for purposes of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc et seq.

22. Defendants Commonwealth of Virginia and Virginia Department of Corrections receive federal funds for conducting activities and programs relating to the incarceration of persons, including the Plaintiff.

23. The policy, rule, and/or directive issued by Defendant Jabe prohibiting the receipt by prisoners of non-music CDs imposes a substantial burden upon the religious exercise of the Plaintiff and is not in furtherance of a compelling governmental interest or is not the least restrictive means for furthering a compelling governmental interest.

24. The Plaintiff is entitled to appropriate relief against the Defendants under 42 U.S.C. § 2000cc-2 allowing him to receive non-music CDs relating to his exercise of his Christian religious beliefs.

## Second Claim
### U.S. Const. Amendment 1
### Free Speech Clause

25. The Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶ 1 through 24 above.

26. The Defendants have interfered and continue to interfere with and substantially burdened the rights of the Plaintiff under the First Amendment to the United States Constitution to receive information by refusing to allow the Plaintiff to receive non-music CDs containing Christian sermons and other religious messages.

27. The restriction imposed by the Defendants upon the Plaintiff's receipt of non-music CDs with Christian messages is not supported by a legitimate, rational governmental interest.

28. Any government interest in institutional security supporting the restrictions imposed upon the Plaintiff's receipt of non-music CDs may be served by alternative measures that already exist and would allow the Plaintiff to exercise his First Amendment rights.

29. The restriction imposed upon the Plaintiff's receipt of non-music CDs is content-based and violates Plaintiff's rights under the First Amendment.

30. The Plaintiff is entitled to relief against the Defendants for the deprivation of his First Amendment rights under 42 U.S.C. § 1983.

## Third Claim
### U.S. Const. Amendment 14
### Equal Protection Clause

31. The Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶ 1 through 30 above.

32. The distinction drawn by the rule and directive promulgated by Defendant Jabe, and enforced by the remaining Defendants, between prisoner receipt of music and non-music CDs is arbitrary, irrational, and burdens the rights of the Plaintiffs and other prisoners under the First Amendment.

33. The Plaintiff, having been denied access to non-music CDs containing Christian sermons and information as a result of the rule and directive promulgated by Defendant Jabe, has been denied his right to the equal protection of the law under the Fourteenth Amendment to the United States Constitution.

34. The Plaintiff is entitled to relief against the Defendants for the deprivation of his constitutional rights under 42 U.S.C. § 1983.

### Fourth Claim
### Va. Const. Art. 1, § 12
### Freedom of Speech and Press

35. The Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶ 1 through 34 above.

36. The Defendants have interfered and continue to interfere with and substantially burdened the rights of the Plaintiff under Va. Const. Art. 1, § 12, to receive information by refusing to allow the Plaintiff to receive non-music CDs containing Christian sermons and other religious messages.

37. The restriction imposed by the Defendants upon the Plaintiff's receipt of non-music CDs with Christian messages is not supported by a legitimate, rational governmental interest.

38. Any government interest in institutional security supporting the restrictions imposed upon the Plaintiff's receipt of non-music CDs may be served by

alternative measures that already exist and would allow the Plaintiff to exercise his right to receive information under the Va. Const. Art. 1, § 12.

39. The restriction imposed upon the Plaintiff's receipt of non-music CDs is content-based and violates Plaintiff's rights under Va. Const. Art. 1, § 12.

40. The Plaintiff is entitled to relief against the Defendants for the deprivation of his rights under Va. Const. Art. 1, § 12.

### Fifth Claim
### Va. Const. Art. 1, § 16
### Free Exercise of Religion

41. The Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶ 1 through 40 above.

42. The Defendants have interfered and continue to interfere with and substantially burdened the rights of the Plaintiff under Va. Const. Art. 1, § 16, to freely exercise his religious beliefs by refusing to allow the Plaintiff to receive non-music CDs containing Christian sermons and other religious messages.

43. The restriction imposed by the Defendants upon the Plaintiff's receipt of non-music CDs with Christian messages is not supported by a legitimate, rational governmental interest.

44. Any government interest in institutional security supporting the restrictions imposed upon the Plaintiff's receipt of non-music CDs with religious messages may be served by alternative measures that already exist and would allow the Plaintiff to exercise his right to exercise his religious beliefs under the Va. Const. Art. 1, § 16.

45. The Plaintiff is entitled to relief against the Defendants for the deprivation of his rights under Va. Const. Art. 1, § 16.

## Sixth Claim
Va. Const. Art. 1, § 11
Equal Protection of the Law

46. The Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶ 1 through 45 above.

47. The distinction drawn by the rule and directive promulgated by Defendant Jabe, and enforced by the remaining Defendants, between prisoner receipt of music and non-music CDs is arbitrary, irrational, and burdens the rights of the Plaintiffs and other prisoners under the First Amendment and Va. Const. Art. 1, §§ 12 and 16.

48. The Plaintiff, having been denied access to non-music CDs containing Christian sermons and information as a result of the rule and directive promulgated by Defendant Jabe, has been denied his right to the equal protection of the law under Va. Const. Art. 1, § 11.

49. The Plaintiff is entitled to relief against the Defendants for the deprivation of his constitutional rights under Va. Const. Art. 1, § 11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

a) a declaration, pursuant to 28 U.S.C. §§ 2201-02, that the restrictions imposed by the Defendants upon the Plaintiff from receiving non-music CDs violates the Plaintiff's rights under RLUIPA, the First Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution, and Va. Const. Art.1, §§ 11, 12 and 16;

b) an order enjoining the Defendants, their agents, and other officers and employees of the Commonwealth of Virginia and Virginia Department of Corrections from preventing the Plaintiff from receiving non-music CDs;

c) a judgment ordering the Defendants, jointly and severally, to pay the Plaintiff damages in an amount to be determined; and

d) awarding the Plaintiff his costs in bringing this action and reasonable attorney's fees under 42 U.S.C. § 1988.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: 2/3, 2010

_____
Steve C. Taylor
The Law Offices of Steve C. Taylor, P.C.
133 Mount Pleasant Road
Chesapeake, Virginia 23322
Telephone: (757) 482-5705
Facsimile: (757) 546-9535
Participating Attorney for
THE RUTHERFORD INSTITUTE

Attorney for Plaintiff KYLE MABE